**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3392-14T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

AJIT JAYARAM,

     Defendant-Appellant.

_____

Submitted December 20, 2016 — Decided August 7, 2017

Before Judges Suter and Guadagno.

On appeal from Superior Court of New Jersey,
Law Division, Hudson County, Indictment No.
11-06-0067.

Joseph E. Krakora, Public Defender, attorney
for appellant (Steven J. Sloan, Designated
Counsel, on the brief).

Christopher S. Porrino, Attorney General,
attorney for respondent (Ian C. Kennedy,
Deputy Attorney General, of counsel and on
the brief).

PER CURIAM

    Defendant Ajit Jayaram appeals from the January 9, 2015

order denying his petition for post-conviction relief (PCR)

alleging ineffective assistance of his plea counsel and seeking a withdrawal of his guilty plea. On appeal, defendant raises two points:

I.

THE TRIAL COURT MISAPPLIED THE LAW IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE WAS PROVIDED WITH INADEQUATE ASSISTANCE AS TRIAL COUNSEL FAILED TO PURSUE A DIMINISHED CAPACITY DEFENSE.

II.

THE TRIAL COURT MISAPPLIED THE LAW IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE SHOULD BE PERMITTED TO WITHDRAW HIS PLEA BARGAIN TO CORRECT A MANIFEST INJUSTICE.

Finding no merit to these arguments, we affirm the order denying defendant's petition substantially for the reasons stated by Judge Paul M. DePascale in his thorough and well-reasoned oral decision of January 8, 2015. We add only the following brief comments.

On February 27, 2013, defendant pled guilty before Judge DePascale pursuant to a plea agreement to four charges of a thirteen-count[1] indictment: second-degree health care fraud, N.J.S.A. 2C:21-4.3(a) (count two); third-degree Medicaid fraud,

---

[1] The indictment contained fourteen counts but count three charged only a co-defendant.

N.J.S.A. 30:4D-17(a) (count four); first-degree attempted murder of Radha Ramaswamy, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3(a)(1) (count ten); and first-degree attempted murder of Mukhtar Ahmed (count eleven). In return for entering these guilty pleas, the State agreed to recommend that defendant be sentenced on the two attempted murder counts as second-degree offenses with a sentence not to exceed nine years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. As to count two, the State agreed to recommend a nine-year term, and on count four, a five-year term with all sentences to run concurrently.

On April 12, 2013, Judge DePascale imposed the bargained-for sentence. There was no direct appeal but in 2014, defendant filed a pro se PCR petition. After counsel was assigned, a brief in support of defendant's petition was submitted, claiming defendant's plea counsel was ineffective by coercing him into pleading guilty by not setting forth a diminished capacity defense. Defendant also claimed his guilty plea was not entered knowingly, voluntarily, or intelligently.

After hearing oral argument on January 8, 2015, Judge DePascale found that the record "squarely refutes" defendant's claim that his plea counsel failed to pursue a diminished capacity defense. Judge DePascale noted that plea counsel hired an expert to conduct an examination of defendant and prepare a

report. Although the expert report did not establish a defense of diminished capacity, plea counsel appended the report to defendant's sentencing memorandum in hopes of establishing mitigating factor four. N.J.S.A. 2C:44-1(b)(4) ("There were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense.").

Judge DePascale also found the record "abundantly clear" that defendant "voluntarily entered into the plea bargain with a full and complete understanding of the circumstances then present." The judge also noted that defendant failed to present even "a colorable claim of innocence."

We discern no reason to disturb Judge DePascale's findings which are amply supported in the record before us.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3392-14T3